1  VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
2  THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
3  Las Vegas, NV 89123
Tel.: 702-476-2500
4  Fax : 702-476-2788
E-mail : vnelson@nelsonlawfirmlv.com
5  *Attorney for Plaintiff SCOTT MICHAEL WHITT*

6

7                          UNITED STATES DISTRICT COURT

8                                STATE OF NEVADA

| | |
|---|---|
| SCOTT MICHAEL WHITT, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 § 1692, ET. SEQ. AND RELATED STATE LAWS AND JURY DEMAND** |
| RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, A NEVADA CORPORATION; RC. WILLEY FINANCIAL SERVICES, and ATTORNEY JEROME R. BOWEN, ESQ., | |
| Defendant. | |

16        Plaintiff, SCOTT MICHAEL WHITT ("Plaintiff"), by and through his attorney of record,

17  Vernon Nelson, Esq. of the Law Office of Vernon Nelson, and for his claims for relief against

18  Defendants, RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, A

19  NEVADA CORPORATION ("Defendant" or "ASN"); RC. WILLEY FINANCIAL SERVICES

20  ("Defendant" or "RC WILLEY"), and ATTORNEY JEROME R. BOWEN, ESQ. ("Defendant" or

21  "Bowen"), complains and alleges as follows:

22                          <u>**JURISDICTION AND VENUE**</u>

23        1.        This action arises out of Defendants' violations of the Fair Debt Collection Practices

24  Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and related state law claims.

25        2.        This court has jurisdiction over this matter pursuant to 15 U.S.C. § l692k and 28

26  U.S.C. § 1331.

27        3.        Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and

28  Defendants reside and/or do business in the District of Nevada; and the acts of the Parties occurred in

THE LAW OFFICE OF VERNON NELSON
ATTORNEY AT LAW

1 | the District of Nevada.

2 | **PARTIES**

3 |     4.    Plaintiff is an adult individual who resides in the State of Nevada and is a "consumer"
4 | as defined by 15 U.S.C. § 1692a (3).

5 |     5.    Defendant ASN is a domestic corporation doing business in the State of Nevada and
6 | ASN is a debt collector as that term is defined by 15 U.S.C. § 1692a (6).

7 |     6.    Defendant R.C. WILLEY FINANCIAL SERVICES is a provider of credit, for
8 | purposes of purchasing goods, and is headquartered in Salt Lake City, Utah. R.C. WILLEY is an
9 | assignor of debts who regularly and in the ordinary course of business assigns, transfers and
10 | authorizes collection agencies and/or debt collectors to perform all acts necessary for collection,
11 | settlement, adjustment, compromise or satisfaction of RC WILLEY's debt claims that are in default.
12 | R.C. WILLEY is subject to the FDCPA.

13 |     7.    Defendant Bowen is an attorney licensed to practice/doing business in the State of
14 | Nevada and Bowen is a debt collector as that term is defined by 15 U.S.C. § l692a (6).

15 | **FACTUAL ALLEGATIONS**

16 |     8.    Plaintiff incorporates by reference each and every allegation previously made in this
17 | Complaint, as if fully set forth herein.

18 |     9.    Defendants allege that Plaintiff entered a contract with R.C. WILLEY ("The
19 | Contract").

20 |     10.    The Contract was governed by Utah Law.

21 |     11.    Defendants allege that Plaintiff failed to pay the amount owed to R.C. WILLEY under
22 | the Contract ("The Debt").

23 |     12.    Defendants allege that R.C. WILLEY assigned The Debt to Defendant ASN.

24 |     13.    Defendant ASN engaged Defendant BOWEN to file suit against Plaintiff.

25 |     14.    As part of the documents that the Defendant ASN, by and through its attorney,
26 | Defendant BOWEN filed with the Eighth Judicial District Court, Clark County, Nevada in Case No.
27 | A-14-705790-C in support of the Defendant ASN's Amended Application for Default Judgment,
28 | Defendants filed a document entitled "Confidential Legal Authorization". This Confidential Legal

1 Authorization purported to assign The Debt from Defendant R.C. WILLEY to Defendant ASN.
2 According to the Confidential Legal Authorization, the balance of The Debt assigned was $7,850.95.

3    15.    In addition, as part of the documents filed with the Court as referenced in the preceding
4 paragraph, the Defendants also filed an Affidavit/Declaration of Custodian of Records signed by
5 Melissa Anderson that states that a contractual collection fee of $3,925.48 (which is equal to 50% of
6 the principal balance or The Debt that Defendant R.C. WILLEY assigned to Defendant ASN).

7    16.    As the Contract is governed by Utah Law, the contractual collection fee could not
8 exceed 40% of the principal balance of The Debt. Since the contractual collection fee was equal to
9 50% of the principal balance of The Debt, the contractual collection fee that was assessed is in direct
10 violation of Utah law.

11    17.    § 1692(g) of the FDCPA requires that debt collectors provide debtors with notice of the
12 debt. Upon information and belief, the Defendants unlawfully failed to notify the Plaintiff that the
13 alleged amount owed by the Plaintiff included a collection fee equal to 50% of the principal balance of
14 The Debt. (The unlawful addition of the contractual collection fee shall be referred to as the
15 **"Collection Fee Violations"** and the failure to comply with §1692(g) of the FDCPA shall be referred
16 to as **"The § 1692(g) Violations".**)

17    18.    In addition, the Defendants have unlawfully charged Plaintiff 24% interest on the total
18 amount allegedly due including the unlawful contractual collection fee.

19    19.    Upon information and belief, Defendants ASN and BOWEN have unlawfully added
20 additional interests to The Debt from the first delinquency date, which is approximately five (5)
21 months prior to the assignment date of The Debt by Defendant R.C. WILLEY to ASN.

22    20.    Upon information and belief, Defendant R.C. WILLEY charged-off The Debt and
23 stopped adding contractual interests. However, upon information and belief, Defendants ASN and
24 BOWEN have unlawfully added additional interests to The Debt. Subsequently, on September 6,
25 2016, the Court awarded the Defendants the amount equal to The Debt, including the unlawfully
26 added interests, and unlawfully added interests on attorney fees and costs, and pre-judgment interests
27 at 24%. (The acts of the Defendants as described in this paragraph, and the preceding Paragraphs 18-
28 19 shall be referred to as "the **Interest Fees Violations".**)

21.    The FDCPA prohibits abusive debt collection practices by debt collectors. In this regard, the FDCPA sets certain standards for debt collectors and their communications with debtors. These standards include: (1) the requirement that debt collectors advise debtors of their rights to dispute the debt and demand verification; (2) a ban on the use of false and misleading statements in attempting to collect the debt; and (3) a prohibition against collecting debts via "unfair or unconscionable means," such as charging debtors for unauthorized fees beyond the amount in arrears.

22.    Defendants committed several violations of the FDCPA. Defendants used "unfair and unconscionable means" to collect the debt by committing The Collection Fee Violations. Also, Defendants violated the FDCPA by committing the § 1692(g) Violations and The Interest Fees Violations.

23.    Defendants violations of the FDCPA have caused the Plaintiff to suffer substantial damages. In this regard, the Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to his credit history and reputation.

24.    In addition, the Plaintiff has incurred substantial attorney's fees.

25.    The actions of Defendants were committed by other persons or entities employed by the Defendants. The actions of the Defendants were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by any of the Defendants.

26.    The actions of the Defendants were committed in their capacity as agents of their principal. The actions of the Defendants were committed within the scope and authority granted by of their principal and were motivated to benefit their principal

27.    Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the unlawful actions of their employees, including but not limited to violations of the FDCPA and the laws of the State of Nevada.

### FIRST CLAIM FOR RELIEF

### [Violations of the FDCPA, 15 U.S.C. § 1692, et. seq. against Defendants]

28.    Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

29.    Defendants are "debt collectors" under the FDCPA.

4

30. Within the past year, Defendants, who are debt collectors under the FDCPA, committed several violations of the FDCPA.

31. Defendants used "unfair and unconscionable means" to collect the debt by committing The Collection Fee Violations. Also, Defendants violated the FDCPA by committing the § 1692(g) Violations and The Interest Fees Violations.

32. In committing The § 1692(g) Violations and The Interest Fees Violations, Defendants committed numerous violations of the FDCPA; including but not limited to:

    A.    by "mischaracterizing the character, amount, and legal status of the Debt."

    B.    by employing various false representations and deceptive means to collect the alleged Debt.

    C.    by taking illegal action to collect The Debt.

    D.    by attempting to collect more than was due on The Debt.

33. The Collection Fee Violation, The § 1692(g) Violations and The Interest Fees Violations and other numerous violations of the FDCPA constitute numerous, repeated, knowing, intentional, reckless and/or negligent violations of the FDCPA. As a result of such violations, the Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

34. As a result of Defendants 'unlawful conduct, Plaintiff has suffered economic and emotional distress damages.

35. Plaintiff has been forced to retain counsel to pursue this matter and is entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF

### [Abuse of Process]

36. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

37. Defendants commenced and/or prosecuted legal proceedings against Plaintiff for the ulterior purpose of collecting unlawful rates of interest and unlawful fees in violation of the FDCPA.

1       38.    By attempting the collect the unlawful rates of interest and by prosecuting an action

2 based on unlawful collection practices committed by the Defendants, the Defendants conducted a

3 willful act in the use of the legal process that was not proper in the regular conduct of the proceeding.

4       39.    Plaintiff has suffered damages as a consequence of Defendants' abuse of the legal

5 process in an amount to be determined by a jury at trial.

6 **THIRD CLAIM FOR RELIEF**

7 **Violation of NRS Chapter 598 Deceptive Trade Practices**

8       40.    Plaintiff incorporates by reference each and every allegation previously made in this

9 Complaint, as if fully set forth herein.

10       41.    Plaintiff is "consumer" pursuant to the NRS Chapter 598 Deceptive Trade Practices.

11       42.    Defendants engaged in unfair or deceptive acts or practices in the conduct of its

12 commerce or trade through its unfair and deceptive debt collection and litigation activities in violation

13 of NRS Chapter 598.

14       43.    Plaintiff has suffered and continue to suffer damages as a result of the Defendants'

15 unfair and deceptive acts and conduct.

16       44.    Plaintiff is entitled to recover all compensatory and actual damages (including, but not

17 limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's

18 fees as provided by NRS Chapter 598.

19 **FOURTH CLAIM FOR RELIEF**

20 **Civil Conspiracy**

21       45.    Plaintiff incorporates by reference each and every allegation previously made in this

22 Complaint, as if fully set forth herein.

23       46.    The Defendants undertook a concerted action with the intent to commit the Collection

24 Fee Violations, The § 1692(g) Violations and The Interest Fees Violations.

25       47.    The purpose of the conspiracy was to damage the Plaintiff.

26       48.    The Plaintiff suffered damages as a result of the conspiracy.

27       WHEREFORE Plaintiff prays for judgment against Defendants for all damages to which they

28 are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff demands trial by jury of all of the issues in this action.

3

DATED this 3rd day of January, 2017.

4

THE LAW OFFICE OF VERNON NELSON

5

By:        */s/Vernon Nelson*

6

VERNON NELSON, ESQ.
Nevada Bar No.: 6434

7

9480 S. Eastern Avenue, Suite 244
Las Vegas, NV 89123

8

Tel: 702-476-2500
Fax: 702-476-2788

9

E-Mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff*

10

*SCOTT MICHAEL WHITT*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7