**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SCOTT MICHAEL WHITT,<br><br>   Plaintiff,<br><br>v.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, A NEVADA CORPORATION; RC WILLEY FINANCIAL SERVICES; and ATTORNEY JEROME R. BOWEN, ESQ.,<br><br>   Defendants. | Case No. 2:17-cv-00014-APG-NJK<br><br>**ORDER GRANTING DEFENDANT RC WILLEY'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>(ECF Nos. 10, 13) |

  Scott Whitt sues defendants Richland Holdings, Inc d/b/a ACCTCORP of Southern Nevada (AcctCorp), RC Willey Financial Services (RCW), and attorney Jerome R. Brown for alleged actions arising from the collection of a debt. Whitt claims that all defendants are liable for violations of the Fair Debt Collection Practices Act (FDCPA) and Nevada Revised Statutes Chapter 598 (regarding deceptive trade practices), as well as for abuse of process and civil conspiracy.

  RCW moves to dismiss the complaint in its entirety or, in the alternative, for a more definite statement as to Whitt's deceptive trade practices (DTP) claim. Whitt seeks leave to amend his complaint to correct the deficiencies discussed in RCW's motion. I dismiss with prejudice Whitt's FDCPA and abuse of process claims, and I dismiss the DTP and civil conspiracy claims, but with leave to amend. Whitt's motion for leave to amend is moot.

**I. BACKGROUND[1]**

  In 2011, Whitt entered into a contract with RCW for a line of credit to purchase home

---

[1] These facts are taken from Whitt's complaint and the underlying state court docket, and what I accept as true at the motion to dismiss stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I may take judicial notice of the fact that documents were filed in state court proceedings,

furnishings and related goods.[2]  Whitt eventually became delinquent in his payments and had an account balance of $7,850.95.[3]  RCW assigned the debt to AcctCorp for collection.[4]  On August 19, 2014, AcctCorp filed a lawsuit in state court to collect the debt.[5]  The complaint demanded payment of "the total sum of $11,776.43, including Contractual Collection Fees, plus Contractual Interest at the rate of 24.00%, from Date of First Delinquency, which is an amount equal to $123.89, plus Costs . . . ."[6]  Default was entered on June 9, 2015.[7]  AcctCorp then filed an application for default judgment, and later filed a "Prove Up Request."[8]

Two documents attached to the prove-up request contain the crux of Whitt's allegations against RCW.  The first, titled "Confidential Legal Authorization," purportedly authorized AcctCorp to file suit against Whitt, and was signed by an unidentified person.[9]  That document listed the "balance assigned" to AcctCorp as $7,850.95.[10]  The second document is titled "Affidavit/Declaration of Custodian of Records."[11]  There, Melissa Anderson, identified as RCW's custodian of records, states that Whitt "became delinquent on 2/14/2014 with an account balance of $7,850.95.  A contractual collection fee of $3,925.48 was added for a total of $11,776.43.[12]  The affidavit was not notarized.  Rather, Anderson signed the portion of the affidavit stating: "If executed outside this state (Nevada): 'I declare under penalty of perjury

---

but I do not take judicial notice of the truth of the matters stated within those filings. *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001).

[2] ECF No. 1 at 2; ECF No. 12-2 at 8 (credit application).

[3] ECF No. 1 at 2-3.

[4] *Id.* at 2.

[5] ECF No. 12-1 (state court complaint).

[6] *Id.* at 3.

[7] ECF No. 12-2 at 33.

[8] ECF No. 16-2 at 3 (revised proposed amended complaint).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

under the State of Nevada that the foregoing is true and correct.'"[13] The state court granted AcctCorp's application and entered default judgment.[14]

Whitt initiated this action in January 2017. All of his claims against RCW stem from the following factual assertions. RCW's contract with Whitt is governed by Utah law.[15] Utah law prohibits contractual collection fees for more than 40% of the principal balance of a debt.[16] The collection fee collected here is approximately 50% of the principal balance, and thus violates Utah law.[17] Therefore, Whitt alleges that RCW and the other defendants (1) violated the FDCPA because they used "'unfair and unconscionable means' to collect the debt" by violating Utah law; (2) "commenced and/or prosecuted legal proceedings against [Whitt] for the ulterior purpose of collecting unlawful rates of interest and unlawful fees in violation of the FDCPA"; (3) "engaged in unfair and deceptive acts or practices in the conduct of its commerce and trade through its unfair and deceptive debt collection and litigation activities in violation of NRS Chapter 58"; and (4) engaged in civil conspiracy by undertaking "a concerted action with the intent to" violate Utah law.[18]

RCW moves to dismiss, arguing that (1) FDCPA claims cannot be brought against an original creditor; (2) all of the claims are barred under the FDCPA's one-year statute of limitations; (3) AcctCorp, not RCW, brought legal action against Whitt, and the only involvement RCW had in the case was providing an affidavit stating the debt amount, which was done in the regular course of the judicial proceeding; (4) Whitt's citation in his complaint to the entirety of NRS Chapter 58 is so vague and ambiguous that RCW cannot reasonably prepare a response; and (5) the civil conspiracy claim fails because all of Whitt's other claims fail.[19]

---

[13] ECF No. 12-2 at 31 (Affidavit/Declaration).
[14] ECF No. 12-3.
[15] ECF No. 1 at 2.
[16] *Id.* at 3.
[17] *Id.*
[18] ECF No. 1 at 4-7.
[19] ECF No. 10.

Whitt seeks leave to amend his complaint to cure the defects pointed out in RCW's motion.[20] The proposed amended complaint, however, does not provide any further detail regarding which Nevada statutory claims he intended to assert.[21] In his reply, Whitt attaches a revised amended complaint including some specific provisions of the statute he alleges the defendants violated.[22]

## II. DISCUSSION

### A. Legal Standards

#### 1. Motion to Dismiss

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[23] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[24] "Factual allegations must be enough to rise above the speculative level."[25] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[26]

District courts must apply a two-step approach when considering motions to dismiss.[27] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[28] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[29] Mere

---

[20] ECF No. 13.

[21] *See* ECF No. 13-1 at 8-9.

[22] ECF No. 16-2.

[23] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[24] *Iqbal*, 556 U.S. at 678 (2009).

[25] *Twombly*, 550 U.S. at 555.

[26] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[27] *Id.* at 679.

[28] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).

[29] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[30] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[31] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[32] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[33] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[34] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[35]

### 2. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." My discretion to grant leave to amend is guided by various factors, including "bad faith, undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint."[36] I apply Rule 15's policy favoring amendments with "extreme liberality."[37]

### B. FDCPA

The FDCPA distinguishes between creditors and debt collectors. "Debt collector" refers

---

[30] *Iqbal*, 556 U.S. at 678.

[31] *Id.* at 679.

[32] *Id.* at 663.

[33] *Id.* at 679 (internal quotation marks and citation omitted).

[34] *Twombly*, 550 U.S. at 570.

[35] *Iqbal*, 556 U.S. at 679.

[36] *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (internal quotation marks and citation omitted).

[37] *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

to "any person who uses any instrumentality of interstate commerce … in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[38] A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of debt in default solely for the purpose of facilitating collection of such debt for another."[39] By the express terms of the statute, a creditor collecting its own debt is not a debt collector.

Whitt admits that RCW is a creditor to which the FDCPA does not apply.[40] I therefore grant RCW's motion to dismiss the FDCPA claim against RCW.

### C. State law claims and FDCPA's statute of limitations

RCW argues that all of Whitt's remaining state law claims are predicated on violations of the FDCPA, and therefore must also be dismissed because (1) Whitt does not state a claim against RCW under the FDCPA, and (2) the FDCPA's one-year statute of limitations bars those claims.[41]

RCW provides no relevant support for the argument that, because the FDCPA claim must be dismissed, all other claims based on the same alleged conduct must also be dismissed. I have dismissed the FDCPA claim against RCW solely because the FDCPA's express statutory language does not apply to original creditors. That does not mean that no state law claim based on similar conduct cannot be brought against RCW. The FDCPA does not preempt state laws regarding debt collection practices, "except to the extent that those laws are inconsistent" with the FDCPA "and then only to the extent of the inconsistency."[42] "Although states may enact greater protections than the FDCPA, not every violation of state law amounts to an FDCPA violation."[43]

---

[38] 15 U.S.C. § 1692a(6).

[39] *Id.* § 1692a(4).

[40] ECF No. 1 at 2, ¶ 6; ECF No. 12 at 7, ¶ 10-12 ("Plaintiff does not dispute that his FDCPA claim does not apply to RC Willey since RC Willey is the original creditor.")

[41] ECF No. 10 at 5-8.

[42] 15 U.S.C. § 1692n.

[43] *Preston v. Clark County Collection Serv., LLC*, 2:15-cv-00021-APG-PAL, 2014 WL 6882626, at *4 (D. Nev. Dec. 4, 2011) (citing *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100

Whitt could allege facts indicating that the same unlawful conduct may violate state law but would not violate the FDCPA.

Similarly, RCW's argument that the FDCPA's statute of limitations applies to Whitt's state law claims is unavailing. RCW points to no authority allowing the application of a federal statute of limitations to state law prohibiting similar conduct. In the absence of any such authority, I decline to apply the FDCPA's statute of limitations to Whitt's state law claims.

### D. Abuse of Process

To successfully allege a tort claim for abuse of process under Nevada law, a plaintiff must establish two elements: (1) the defendant had an ulterior purpose in the underlying lawsuit other than resolving a legal dispute, and (2) the defendant willfully and improperly used the legal process to accomplish that purpose.[44] "Thus, the [plaintiff] must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose."[45] An action for abuse of process hinges on misuse of regularly issued process, in contrast to malicious prosecution, which rests upon wrongful issue of process.[46] The mere filing of a complaint with malicious intent is insufficient to state an abuse of process claim; there must also be some act subsequent to filing that abuses the process.[47]

The Supreme Court of Nevada has found improper willful acts where a defendant commits a flagrant or extraordinary act that perverts the legal process. For example, in *Nevada Credit Rating Bureau v. Williams*, the Court affirmed a finding of abuse of process where a plaintiff attached an entire property worth over $30,000 to secure a debt of less than $5,000 with

---

(9th Cir. 1996) ("We disagree with Wade that debt collection practices in violation of state law are per se violations of the FDCPA.")).

[44] *LaMantia v. Redisi*, 38 P.3d 877, 880 (Nev. 2002).

[45] *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 519 (Nev. 2015).

[46] *Dutt v. Kremp*, 844 P.2d 786, 790 (Nev. 1992) (internal citations omitted), *overruled on other grounds by LaMantia v. Redisi*, 38 F.3d 877 (Nev. 2002).

[47] *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985).

the ulterior purpose to coerce payment rather than to obtain security for the debt.[48] Similarly, the Court found abuse of process when a city attorney charged a police officer with a criminal violation in order to obtain the officer's voluntary resignation.[49] Coercing a nuisance settlement where there was no legal basis for a claim was also an abuse of process.[50]

Whitt's complaint and proposed amended complaint allege the defendants "commenced and/or prosecuted legal proceedings against Plaintiff for the ulterior purpose of collecting unlawful rates of interest and unlawful fees in violation of the FDCPA."[51] However, Whitt acknowledges that RCW did not file the state action or prosecute the case.[52] Instead, Whitt claims that RCW "actively participated in the abuse of process by providing inconsistent and inadmissible evidence regarding the amount assigned to [AcctCorp], by agreeing to charge [a] collection fee of 50% in violation of Utah law and its contract with Plaintiff."[53] He argues that the Affidavit/Declaration and the Confidential Legal Authorization form supplied by RCW are inconsistent because only the Affidavit/Declaration reflects the allegedly unlawful contractual collection fee. He also claims that the Affidavit/Declaration's technical flaws[54] indicate that the documents were "not reviewed carefully by affiants and notarization was done in a manner that flaunted state law regarding notaries public."[55]

Whitt's contentions do not state a claim for abuse of process against RCW because Whitt does not allege that RCW actually used the legal process. Rather, Whitt argues that RCW abused the court process by providing AcctCorp with an affidavit (which *AcctCorp* subsequently filed in

---

[48] 503 P.2d 9, 12-13 (Nev. 1972).

[49] *Pasadas v. City of Reno*, 851 P.2d 438, 445 (Nev. 1993).

[50] *Bull v. McCuskey*, 615 P.2d 957, 960 (Nev. 1980).

[51] ECF No. 1 at 5; ECF No. 13-1 at 7.

[52] ECF No. 1 at 2-3; ECF No. 13-1 at 3.

[53] ECF No. 12 at 7.

[54] Whitt also takes issue with the fact that the heading of the affidavit mentions Clark County, Nevada, while Anderson signed the document outside of Nevada. *See id.* at 4.

[55] *Id.* at 13 (citing *Brannan v. Wells Fargo Home Mortg., Inc.*, 485 B.R. 443, 450 (Bankr. S.D. Ala. 2013).

the state action) that listed an unlawful collection fee and was not properly notarized. It is not alleged that RCW filed the affidavit itself or was otherwise actively involved in the state court action. Simply stated, RCW did not use the legal system; AcctCorp did. Because RCW cannot reasonably be said to have used the legal system to collect this debt, I dismiss this claim against RCW with prejudice.

### E. Deceptive Trade Practices[56]

Whitt's complaint alleges that all defendants "engaged in unfair and deceptive acts or practices in the conduct of its (sic) commerce or trade through its (sic) unfair and deceptive debt collection and litigation activities in violation of NRS Chapter 598."[57] Chapter 598 contains ten sections, each which defines a separate set of deceptive trade practices.[58] Each of those sections further enumerates categories of conduct, some identifying as many as 16 sub-categories of violating conduct.[59] RCW argues that it "cannot be expect to guess regarding on which of these nearly one hundred (100) possible categories of conduct [Whitt] is basing his claims."[60] RCW asks that Whitt provide "a more definite statement setting forth (1) under what category of DTP [Whitt] brings the claim and (2) what facts support such claims."[61]

Although Whitt did not object to RCW's motion for a more definite statement on his DTP claim and promised to provide more specifics, Whitt's proposed amended complaint fails to contain any additional information.[62] In his reply, Whitt claims he attached the wrong document to his motion for leave to amend, and attached the "corrected" one as an exhibit to his reply.[63] In

---

[56] Because I denied RCW's request to dismiss this claim, *see* Section II.C, *supra*, I address only RCW's motion for a more definite statement as to this claim.

[57] ECF No. 1 at 6.

[58] *See generally*, Nev. Rev. Stat. §§ 598.015, 598.016, 598.017, 598.018, 598.092, 598.0921, 598.0922, 598.0923, 598.0924, and 598.0925.

[59] *See id.*

[60] ECF No. 10 at 9.

[61] *Id.* at 10.

[62] *See* ECF No. 13-1 at 7-8.

[63] ECF No. 16 at 2 n.1; ECF No. 16-2.

that version of his amended complaint, he includes three specific sections he alleges the defendants violated.[64] The "factual allegations" portion of the amended complaint was also expanded to include additional facts specific to Whitt's allegations against RCW.[65]

The proposed amended complaint attached to Whitt's reply was improperly filed and I will not consider it. However, because Whitt has shown that he may be able to amend his complaint to state a DTP claim, I grant Whitt leave to file an amended complaint addressing the deficiencies discussed above, including with the DTP claims. I deny Whitt's current motion for leave to amend as moot.

### F. Civil Conspiracy

RCW argues that Whitt's civil conspiracy claim fails because all of his other claims fail.[66] Because I grant Whitt leave to file an amended complaint as to his DTP claims, that argument is unpersuasive. However, Whitt's civil conspiracy claim contains only conclusory statements and formulaic recitations of the elements of civil conspiracy.[67] It merely states that "the defendants undertook a concerted action with the intent to commit the Collection Fee Violations, the [FDCPA] Violations, and the Interest Fees Violations."[68] It is unclear which facts alleged in the complaint support this claim. I dismiss Whitt's civil conspiracy claim but grant him leave to amend it if he can properly allege sufficient facts to support such a claim.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant RCW's motion to dismiss **(ECF No. 10) is GRANTED.** Whitt's FDCPA and abuse of process claims against RCW are dismissed with prejudice. Whitt's DTP and civil conspiracy claims against RCW are dismissed with leave to

---

[64] ECF No. 16-2 at 7-8.

[65] *See id*. at 2-6.

[66] ECF No. 10 at 10.

[67] *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

[68] ECF No. 1 at 8.

amend. The plaintiff must file and serve an amended complaint consistent with this order **on or before October 13, 2017**.

IT IS FURTHER ORDERED that Whitt's motion for leave to amend **(ECF No. 13) is DENIED as moot**.

DATED this 26th day of September, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE