**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SCOTT MICHAEL WHITT, | Case No. 2:17-cv-00014-APG-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| RICHLAND HOLDINGS, INC., et al., | (Docket No. 32) |
| Defendant(s). | |

Pending before the Court is a motion to substitute real party in interest filed by Defendant Richland Holdings, Inc. on an emergency basis. Docket No. 32. "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. *See, e.g.*, Local Rule 26-7(d) (emergency discovery motions must satisfy the requirements outlined in Local Rule 7-4). First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-4(a). Second, the emergency motion must be accompanied by an affidavit providing several key facts necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *Id.* This affidavit must include a detailed description of the nature of the emergency. *See id.* The affidavit must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See id.* The affidavit must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See, e.g.*, Local Rule 7-4(a)(3). If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. *See id*. Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the affidavit must include a detailed explanation of why it was not practicable to provide that notice. *See id.* Concurrently with the filing of an emergency motion, or promptly thereafter, the movant must inform the courtroom administrators of the assigned judges that the motion was filed. Local Rule 7-4(d).

If these technical requirements are not met, the emergency motion may be denied. Local Rule 7-4(b). If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. *See* Local Rule 7-4(c). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule; and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be

properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

In this instance, the Court finds that Defendant has met neither of the substantiative requirements. The reason provided for filing the motion on an emergency basis is that the deadline for filing dispositive motions is November 9, 2017, and Defendant "may be forced to guess" whether it must file dispositive motions on behalf of itself or Plaintiff. Docket Nos. 32 at 2, 28. In the interest of justice, the Court extends the deadline for filing dispositive motions to January 8, 2018. Therefore, Defendant will not suffer irreparable prejudice if the Court decides the instant motion pursuant to the normal briefing schedule. Moreover, Defendant has not shown that it is without fault in creating the emergency situation nor that it was caused due to excusable neglect.

For the aforementioned reasons, the Court finds that the motion to substitute real party in interest shall be briefed based on the default timetable in the Court's Local Rules and will be resolved in the ordinary course. Docket No. 32. The Court **EXTENDS** the dispositive motion deadline to January 8, 2018.

IT IS SO ORDERED.

DATED: October 30, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge